Maurice A. HUBBARD *v.* STATE of Arkansas

CA CR 86-185                                    725 S.W.2d 579

Court of Appeals of Arkansas
Division I
Opinion delivered March 11, 1987

147

*William R. Simpson, Jr.*, Public Defender; *Deborah R. Sallings*, Deputy Public Defender; and *Arthur L. Allen*, Deputy Public Defender, by: *Cecilia F. Roberts*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. Appellant, Maurice Anderson Hubbard, was convicted of second degree battery in violation of Ark. Stat. Ann. § 41-1602(1)(d)(iii) (Supp. 1985). He was sentenced to six years in the Arkansas Department of Correction. On appeal, he argues that the State's evidence was insufficient to prove his knowledge of the victim's age. We affirm as modified.

Appellant had a long history of psychiatric disorders and was frequently committed to institutions for treatment. On April 24, 1985, he was admitted to the Arkansas State Hospital and Dr. H. L. Lambert, a staff psychiatrist, was assigned as appellant's treating physician. On May 31, 1985, Dr. Lambert met with appellant in a small conference room and a discussion was held about appellant's medication. As Dr. Lambert turned to write in appellant's chart, appellant came up from behind and began hitting Dr. Lambert on the head. Dr. Lambert testified he was

struck by appellant four, five or six times and that he sustained injuries as a result of the attack. One nurse witnessed the incident in its entirety and another nurse walked in and saw appellant strike Dr. Lambert twice.

██ Battery in the second degree is committed by a person if he intentionally or knowingly without legal justification causes physical injury to one he knows to be of sixty years of age or older. Ark. Stat. Ann. § 41-1602(1)(d)(iii). A person acts "knowingly" with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist; a person acts "knowingly" with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result. *Heard* v. *State*, 284 Ark. 457, 683 S.W.2d 232 (1985); Ark. Stat. Ann. § 41-203(2) (Repl. 1977).

The essence of appellant's argument is the State failed to prove appellant had actual knowledge that his victim was sixty years of age or older. He contends that the State is erroneous in its belief that any evidence, whether direct or circumstantial, was presented to the jury from which it could find beyond a reasonable doubt, or infer from circumstantial evidence, that appellant knew the victim's age. We have to agree with appellant that Dr. Lambert's long-standing and severe emphysema and chronic health problems could just as easily have accounted for his physical appearance and demeanor at the trial as could have advanced aging. No evidence was produced at trial that appellant knew Dr. Lambert was anything other than an unhealthy man. Dr. Lambert testified at trial that he was sixty-one years of age at the time of the incident. There was no evidence that this fact was within the knowledge of appellant.

■ The plain wording of § 41-1602(1)(d)(iii) imparts that knowledge on the part of the defendant must be personal to him. The statute does not provide a substitute or explanatory equivalent. We believe the test is whether from the circumstances in the case at bar, appellant, not some other person or persons, knew that his victim was sixty years of age or older. A different result by this court could have been reached had the General Assembly defined "knows to be" in the above statute to include one who has information that would lead an ordinary, prudent

person faced with similar information to believe that the information is fact.

The State clearly failed in its burden of proof in establishing the necessary element of appellant's knowledge of the victim's age; accordingly, appellant's conviction for second degree battery cannot be sustained. Battery in the third degree, a lesser included offense of second degree battery, is committed by a person, if with the purpose of causing injury to another person, causes physical injury to any person. Ark. Stat. Ann. § 41-1603(1)(a) (Repl. 1977). In view of our holding that the State failed to meet its burden of proof, we therefore reduce the punishment to the maximum for the lesser offense of third degree battery, a class A misdemeanor. The judgment is modified to impose a maximum term of imprisonment of one year in the county jail, and the time spent by appellant in custody, if any, being credited against the sentence as modified. *See Hughes* v. *State*, 3 Ark. App. 275, 625 S.W.2d 547 (1981).

Affirmed as modified.

CRACRAFT and JENNINGS, JJ., agree.