Sherrell Eugene AVANTS *v.* STATE of Arkansas

CR 87-37                                         732 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*Cross, Kearney & McKissic*, by: *Othello C. Cross*, for appellant.

*Steve Clark*, Att'y., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. While on parole from a felony conviction, appellant pled guilty in 1981 to aggravated robbery and criminal attempt rape. He was sentenced to twenty years on each offense. The sentences were ordered to run concurrently with each other and with the balance of the previous sentence.

In 1986 appellant filed a petition to correct the judgment, claiming the running of the new sentences concurrently with the old sentence was a violation of Ark. Stat. Ann. § 43-2829(D) (Repl. 1977). That statute provides that when a person is convicted of a felony committed while on parole from an earlier felony conviction, the sentence on the second conviction shall be served consecutively to the previous felony. Just why the appellant would be motivated to challenge a sentence that erred in his favor, is not clear. Nevertheless, he did so and the trial court recognized the error and corrected the judgment by ordering the

later sentences to run consecutively to the previous sentence. However, the trial court did not stop there, it also ordered the two subsequent sentences to run consecutively to each other.

■ Appellant has appealed. He points out that the trial court cannot modify a valid sentence once execution has begun. *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985); *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984). The state concedes the error and we concur. There was nothing wrong with the sentences for aggravated robbery and attempted rape running concurrently—the trial court had the discretion at the initial sentencing of imposing those sentences concurrently or consecutively. He made them concurrent, and having done so he has no power to change them to consecutive sentences after execution has begun. *Campbell* v. *State*, 288 Ark. 213, 703 S.W.2d 855 (1986).

■ Appellant also contends the trial court erred by refusing to allow him to amend his pleading to a Rule 37 petition. The trial court can treat a motion to correct a judgment as a petition for post-conviction relief under Rule 37, regardless of the style of the pleading, if it alleges grounds cognizable under Rule 37. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Williams* v. *State*, 289 Ark. 385, 711 S.W.2d 479 (1986). However, that is discretionary and it is not obligatory on the trial court to allow appellant to change to a Rule 37 proceeding based on a motion to amend filed a few days before the hearing. Nor has appellant shown how the denial has prejudiced him. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984).

Reversed and remanded with instructions to modify the judgment so that the sentences for aggravated robbery and criminal attempt rape shall be served concurrently in accordance with this opinion.