Earven HADLEY, Jr. *v.* STATE of Arkansas

CR 95-657                                        910 S.W.2d 675

Supreme Court of Arkansas
Opinion delivered November 20, 1995

*Greg N. Robinson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty of rape and incest. One of the elements the State must prove to sustain a charge of incest is that the accused was sixteen years of age or older at the time of the offense. Ark. Code Ann. § 5-26-202(a) (Repl. 1993). No direct evidence was introduced to establish appellant's exact age, but there was substantial circumstantial evidence to establish the fact that appellant was sixteen years of age or older. Appellant moved for a directed verdict on the grounds that his age was not proven. The trial court denied the motion. We affirm the ruling.

Appellant contends that the State failed to prove one of the elements of the offense of incest because there was no direct proof that he was sixteen or older, and, consequently, the trial court erred in refusing to grant a directed verdict. Although none of the witnesses were asked to give appellant's exact age, there was sufficient circumstantial evidence for the jury to conclude, without speculation or conjecture, that appellant was over sixteen years old.

There was direct evidence offered at pretrial to establish that appellant was twenty-eight years old, but this was not offered at trial. However, the jurors saw and observed appellant during the trial. There was additional circumstantial evidence by which the jurors could conclude that appellant was over sixteen years of age when the crime was committed. Susan Hadley, appellant's wife and the victim's mother, testified that she and appellant had been married for six years. She testified that she had two children by appellant and that they were four and five years old. She also testified that appellant worked for a manufacturing company during the course of their marriage. The jurors could reasonably conclude from this combination of factors that appellant was sixteen years of age or older at the time he committed the crime. In fact, to conclude otherwise, the jurors would have to have found that he started working for the manufacturing company at age nine, married at age nine, and fathered his children when he was ten and eleven years of age. Jurors are not required to set aside their common knowledge, but have a right to consider all of the evidence in the light of their own observations and

experiences in the affairs of life. A.M.I. Crim. 2d 103 (1994).

■■ Circumstantial evidence may provide the basis for a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Smith v. State*, 282 Ark. 535, 669 S.W.2d 201 (1984). The question of whether the evidence excludes any other hypothesis is for the jury to determine. *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). We addressed this same issue in *Gurley v. State*, 179 Ark. 1149, 20 S.W.2d 886 (1927). In that case there was no direct proof that the defendant was over the age of sixteen, but a witness testified that he had known the defendant since he was elected sheriff, and the jury was able to observe him and determine that he was over sixteen. We held that the facts supported no reasonable conclusion other than the defendant was over sixteen years of age. The same kind of reasoning is applicable to the case at bar. The trial court correctly denied the motion for a directed verdict, and we affirm the judgment of conviction for the crime of incest.

Appellant's next point of appeal, which involves sentencing, is well taken. On September 29, 1994, the jury returned its verdict of guilty on both crimes and recommended a sentence of twenty years for the crime of rape and twenty years for the crime of incest. The trial court pronounced, "It is the sentence and judgment of this court that [appellant] be sentenced to the Arkansas Department of Correction for a term of twenty years on each count" and that the court would "take under advisement whether [the sentences would] be run consecutive or concurrent." The court set bond at $40,000 pending appeal.

■ Whether two separate sentences should run consecutively or concurrently lies solely within the province of the trial court. *Abdullah v. State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Under the provisions of A.R.Cr.P. Rule 36.4, a trial court may pronounce judgment and enter the judgment of conviction immediately after the trial, or the court may postpone sentencing and the entry of the judgment to a later date to be fixed by the court. From the trial court's comment, it appears that the court intended to postpone sentencing and postpone entry of the judgment until a later date.

On a later date, October 7, 1994, the trial court entered the

judgment of conviction. The judgment provides that appellant is sentenced to the Department of Correction for a term of twenty years on each conviction. The trial court made no entry to indicate that the sentences were to run consecutively. Section 5-4-403 of the Arkansas Code Annotated provides that when multiple sentences are imposed the sentences shall run concurrently unless the court orders the sentences to run consecutively. *Id.* § 5-4-403(a) (Repl. 1993). Thus, on October 7, 1994, a valid judgment of conviction was entered that sentenced appellant to twenty years for each of the felonies, and by operation of law, provided that the sentences were to run concurrently. At this time a final judgment of conviction existed that would bar further prosecution for either of the crimes. On the same day the trial court ruled that appellant was ineligible for bond and ordered him to be held in custody. On October 10, 1994, appellant gave notice of appeal. On October 13, the trial court refused a second motion to allow an appeal bond.

On November 4, 1994, or about a month after the judgment of conviction was entered, the trial court entered a second judgment of conviction. The second judgment provides that the sentences are to run consecutively rather than concurrently. The trial court, in effect, increased the sentences from twenty to forty years. The record does not reflect that there was a motion or a hearing before the second judgment of conviction was entered.

Appellant immediately filed a motion asking the trial court to set aside the second judgment of conviction and requested a hearing on the motion. The hearing was held on December 21, 1994. The trial court refused to set aside the second judgment of conviction and stated that when the sentence was pronounced it took under advisement the question of concurrent or consecutive sentences, and still had not reached a decision when it entered the original judgment. The trial court stated that it entered the original judgment of conviction for the convenience of the sheriff "to start the process of getting the Defendant transferred to the Department of Corrections" and to assist the defendant in making an appeal bond. Finally, the trial court stated that after entry of the judgment of conviction, it decided to run the sentences consecutively instead of concurrently, and therefore entered the second judgment of conviction.

■■ We have often held that a trial court cannot modify or amend an original sentence once it is placed into execution. *DeHart* v. *State*, 312 Ark. 323, 325, 849 S.W.2d 497, 499 (1993), and cases cited therein. A sentence is placed into execution when the trial court issues a judgment of conviction or a commitment order unless the court grants appeal bond or specifically delays execution upon other valid grounds. *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). Appellant's appeal bond was revoked at the time the original judgment of conviction was entered, and the trial court did not reserve the issue of consecutive terms in the original judgment of conviction. Thus, the trial court erred in later entering a second judgment of conviction.

■ In a comparable case, *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984), the appellant, a youthful offender, was convicted of three felonies and sentenced to five years on each felony, with two years suspended, and with the sentences to run concurrently. Appellant later committed three more felonies, and the prosecutor petitioned for revocation of the suspended sentence. The trial court revoked suspension of the remainder of each sentence and ordered the sentences to be served consecutively. We held that the trial court was without power to change the judgment from concurrent to consecutive after the first part of the sentence had been put into execution. In the case at bar, the trial court was likewise without power to enter the second judgment of conviction, and as a result, we set aside the second judgment of conviction.

After appellant's and appellee's briefs were filed, appellant filed a *pro se* petition asking that his attorney be dismissed and another attorney be appointed to represent him in this appeal. He pleads that counsel refused to take his suggestions at trial, has not effectively communicated with him during the appellate process, violated Rules of Professional Conduct, and generally has not rendered effective assistance of counsel.

■ Appellant has not stated good cause to relieve counsel. The Sixth Amendment right to counsel provides the right to effective assistance of counsel. It does not provide the right to counsel who substitutes the judgment of the accused for his or her professional judgment. *See Morris* v. *Slappy*, 461 U. S. 1 (1983). Nor does it provide the right to counsel of the accused's choice.

The petition does not contain factual allegations that state grounds for a claim of ineffective assistance of counsel. Moreover, such claims are not cognizable on appeal unless specifically raised below, *Sumlin* v. *State*, 273 Ark. 185, 616 S.W.2d 372 (1981), and the petition does not allege that ineffective assistance claims were raised below. Thus we deny appellant's *pro se* petition for new counsel.

In summary, we affirm the conviction for incest and set aside the second judgment of conviction. The result is that the original judgment of conviction now stands as the judgment of conviction in this case.

Affirmed as modified.