Vincent Anthony SANSEVERO *v.* STATE of Arkansas

CR 00-1397                                              45 S.W.3d 840

Supreme Court of Arkansas
Opinion delivered June 21, 2001

*William R. Simpson, Jr.*, Public Defender, and *Sandra Cordi*, Deputy Public Defender; by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. In this appeal, appellant Anthony Vincent Sansevero raises the sole issue of whether the evidence presented by the State was insufficient to convict him of battery in the second degree. We agree that it was,

and we reverse the judgment of conviction for second-degree battery and remand.

On July 22, 1999, the victim, eleven-year-old K.S., was babysitting in Little Rock for the children of Karen McCammon, who are named Robert and Marie. At the time, Robert was age six and Marie was age four. K.S. stated that it was her first time to babysit in another person's home, but added that the McCammon's house was very near to her home. K.S. testified that she was babysitting in the daytime, while Ms. McCammon went to a doctor's appointment for approximately an hour.

Ms. McCammon left for her doctor's appointment at about 8:22 a.m., and K.S. and the two children sat down to watch television. The doorbell rang, and K.S. answered the door. It was a man, and he asked for a drink of water from the hose outside. K.S. agreed and closed the door. About five minutes later, a man rang the doorbell again. It was Sansevero. He also asked for water, and this time K.S. went to the kitchen to get him some water. She returned to the door and gave him a plastic cup filled with water. At that time, Sansevero asked if he could use the telephone. K.S. replied, "No, I'm sorry." Sansevero then pushed his way past K.S. into the house and locked the door behind him. He grabbed K.S. by the neck and pushed her up the stairs and into a bedroom. K.S. testified that she did not scream or yell, and that the children did not see her being pushed up the stairs.

Once in the bedroom, Sansevero closed the door. K.S. stated that she was crying at this point. He ordered her to take off her clothes, and she said, "No." He then ordered her again to take off her clothes and tried to do so himself but was not able to get her clothes off. He then hit her across the face. Sansevero next asked, "Where do your parents keep the money?", and she responded, "I don't know. This isn't my house." K.S. stated that Sansevero went downstairs at that time, and she followed because she was not sure what he was going to do and the children were downstairs. He forced her a second time up the stairs, and this time, he undressed her and raped her.

During the rape, one of the children, Robert, came to the bedroom door and asked K.S. to play a video tape for the children. K.S. stated that when Robert knocked on the door, Sansevero got off of her and began to put his clothes back on. Sansevero told K.S. to get dressed and to clean up. While she was getting dressed, Sansevero told her, "If you tell anybody, I'm going to kill you."

K.S. testified that she went downstairs to sit with the children. When Sansevero came down, he repeated the threat and said, "If you tell anyone, I'll find you and I'll kill you." He then left.

Ms. McCammon arrived home approximately five to ten minutes later and took K.S. home. K.S. told her mother what had happened, and her father called the Little Rock Police Department. K.S. subsequently gave the clothes she was wearing to police officers and went to Arkansas Children's Hospital for a sexual-assault examination. At the crime scene, police officers obtained evidence, including the plastic cup that Sansevero drank from. The police officers were able to lift fingerprints from that cup, which matched the fingerprints of Sansevero. The investigation also revealed other DNA evidence, including semen, linking Sansevero to the crime. He was arrested and charged with rape, residential burglary, terroristic threatening, and second-degree battery. Enhancement of any sentence was requested due to his having been convicted of more than four previous felonies.

Sansevero was tried by a jury and convicted on all counts. Proof of five prior convictions was introduced, and he was sentenced to life imprisonment for rape, forty years for residential burglary, fifteen years for terroristic threatening, and fifteen years for battery in the second degree.

Sansevero only appeals his conviction for second-degree battery. He argues that there was insufficient evidence to support a conviction for battery in the second degree because the State failed to prove by substantial evidence that he knew the victim was less than thirteen years of age at the time of the offense. This charge arose from the testimony of K.S. that when she resisted his orders to take off her clothes, he slapped both sides of her face with his hand, causing bruising. Sansevero contends that he was charged with causing physical injury to K.S., who he knew to be twelve years of age or younger. He denies that he knew K.S.'s age.

Second-degree battery is defined in Ark. Code Ann. § 5-13-202(a)(4)(C) (Supp. 1999), and reads in pertinent part:

(a) A person commits battery in the second degree if:

. . . .

(4) He intentionally or knowingly, without legal justification, causes physical injury to one *he knows to be*:

. . . .

(C) An individual sixty (60) years of age or older or *twelve (12) years of age or younger*[.]

(Emphasis added.) The jury was instructed on this specific definition of battery and returned a guilty verdict. No evidence was presented by the State that Sansevero knew K.S. was twelve years old or younger.

Sansevero directs this court's attention to an opinion by the court of appeals in *Hubbard v. State*, 20 Ark. App. 146, 725 S.W.2d 579 (1987). In *Hubbard*, the issue presented was whether the defendant knew the victim to be sixty years of age or older under the second-degree battery statute. The court of appeals concluded that the State had to prove that the defendant had actual knowledge of the victim's age under the language of the statute. The court said:

> The plain wording of § 41-1602(1)(d)(iii) [now § 5-13-202(a)(4)(C)] imparts that knowledge on the part of the defendant must be personal to him. The statute does not provide a substitute or explanatory equivalent. We believe the test is whether from the circumstances in the case at bar, appellant, not some other person or persons, knew that his victim was sixty years of age or older. A different result by this court could have been reached had the General Assembly defined "knows to be" in the above statute to include one who has information that would lead an ordinary, prudent person faced with similar information to believe that the information is fact.

*Hubbard*, 20 Ark. App. at 148-149, 725 S.W.2d at 580-581.

The State counters this by arguing that K.S.'s physical appearance, standing alone, was circumstantial evidence of her age and constituted substantial evidence that Sansevero knew that K.S. was twelve or younger. The State cites the court to *Clark v. State*, 246 Ark. 876, 440 S.W.2d 205 (1969), where Justice Fogleman, in a concurring opinion, wrote that age may be proved in many different ways such as by the appearance of the individual to the jury. The State contends that the jury could infer that Sansevero knew of the victim's age when he battered her based on her appearance and her obvious youth. *See also Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995) (jury's observation of defendant at trial was sufficient circumstantial evidence that he was more than sixteen years old).

It falls our lot to interpret the language of § 5-13-202(a)(4)(C) and specifically what the General Assembly intended by the phrase "knows to be." We strictly construe criminal statutes and resolve any doubts in favor of the defendant. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000); *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993). It is also axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly. *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999). In cases of statutory interpretation, we give words their ordinary and usually accepted meaning. *Hagar v. State, supra; Bush v. State*, 338 Ark. 772, 2 S.W.3d 761 (1999). In the case before us, the General Assembly has expressly provided that in order to commit second-degree battery, it is necessary that Sansevero knew K.S. to be age twelve or younger. The language of the statute is clear and unmistakable and differs significantly from statutes such as the rape statute which merely provide that the victim be a certain age and not that the defendant know what that age is. *See, e.g.,* Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997). Moreover, the General Assembly has expressly provided that with respect to sexual offenses involving children below the age of fourteen, it is no defense that the defendant did not know the age of the child. *See* Ark. Code Ann. § 5-14-102(b) (Repl. 1997). No comparable language is contained in the second-degree battery statute.

We take note of the fact that since the court of appeals handed down *Hubbard v. State, supra,* in 1987, the General Assembly has amended § 5-13-202 in three legislative sessions. Despite this focus on the statute, the General Assembly has failed to address the issue of the "knows to be" language which was pointed out to that body in the *Hubbard* decision. Hence, we can only conclude that the General Assembly has intended to retain the "knows to be" language, as interpreted in *Hubbard*.

We, therefore, hold that the State failed to establish proof of an essential element of the second-degree battery offense, which was Sansevero's actual knowledge of the age of K.S. We modify the conviction to battery in the third degree, a Class A misdemeanor, which has no knowledge-of-age requirement, and assess the maximum term of one year imprisonment in the county jail. *See* Ark. Code Ann. §§ 5-4-401(b)(1), 5-13-203 (Repl. 1997). We credit Sansevero, however, with the time served of 390 days, leaving no time to be served on this judgment of conviction.

This appeal did not involve Sansevero's convictions for rape, residential burglary, and terroristic threatening. Thus, the sentences

assessed in connection with those convictions will remain in place. The judgment of conviction for second-degree battery is reversed and modified and this matter is remanded for entry of a judgment consistent with this opinion.

The record in this case has been reviewed for other reversible error pursuant to Ark. Sup. Ct. R. 4-3(h), and none has been found.

Reversed and remanded.