Debra J. LaFORT  *v.*  STATE of Arkansas

CA CR 06-847                                                  254 S.W.3d 27

Court of Appeals of Arkansas
Opinion delivered March 21, 2007

*Ables, Howe & Standridge*, by: *Lisa Jones-Ables*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Nicana Corinne Sherman*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. At a bench trial held May 2, 2006, Debra LaFort was convicted of battery in the second-degree against her mother-in-law, eighty-two-year old Mildred LaFort. As a result, she received a three-year term of probation, was fined $300, and was ordered to participate in anger-management classes, domestic-violence classes, and fifty hours of community service. Appellant challenges the sufficiency of the evidence to support the conviction. We affirm.

Testimony adduced at trial shows that appellant was married to Mildred's son Robert for about twenty years, but appellant had recently filed for divorce. On November 30, 2005, Mildred was in her bedroom when she saw appellant approach her (Mildred's) home. She yelled at her husband, Michael, not to let appellant into her home, but Michael invited appellant in anyway. Appellant presented Michael with a letter explaining why she was divorcing Robert. Mildred heard appellant tell Michael that she (appellant) was never going to speak to them again. Mildred entered the living room and told appellant to leave, and she later threatened to call the police if appellant did not leave. At that time, appellant took the phone from the coffee table and refused to give it to Mildred. Appellant then grabbed both of Mildred's arms, backed her up, and threw her into a lounge chair. Mildred attempted to stand up four or five times, and each time, appellant would push her down by her head. When Michael finished reading the letter, he noticed that appellant was on top of Mildred and grabbed appellant. Because of appellant's actions, Mildred was unable to write and had bruises on her neck, back, and both arms.[1] However, Mildred was once on Plavix, which caused her to bruise easily. Appellant had previously taken Mildred to the hospital because of bruising.

At the conclusion of the State's case, appellant moved for directed verdict, challenging the sufficiency of the evidence to support the element of intent and appellant's knowledge that she knew the victim to be over sixty years of age. The court denied the motion. Appellant, testifying in her own defense, denied bruising Mildred. She noted that she went to Mildred's home to present the letter explaining the divorce and acknowledged that Mildred did not want her there. According to appellant's testimony, Mildred was throwing her arms in the air and telling her to get out of the

---

[1] Police took pictures of Mildred's injuries. While the pictures were not included in appellant's brief, they are part of the record.

house. Appellant stated that she "gently grabbed her, gently placed [her] arms on [Mildred's] forearm and sat [Mildred] into her recliner." Once she sat Mildred down, Mildred began kicking. Appellant testified that she had taken care of Mildred for many years, including taking her to doctor appointments, and that she would have never harmed Mildred. She also noted that she had taken Mildred to the emergency room twice for bruises.

After appellant renewed her motion for directed verdict, which was denied by the court, the court found appellant guilty of battery in the second degree. Appellant later received a three-year term of probation and a $300 fine and was ordered to participate in anger-management classes, domestic-violence classes, and fifty hours of community service.

Appellant challenges the sufficiency of the evidence to support the second-degree battery conviction. Specifically, she challenges three elements of proof on appeal: intent, causing physical injury, and knowledge that the victim was at least sixty-years old.

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). We review the evidence in the light most favorable to the State. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Only evidence supporting the verdict will be considered. *Id.*

A person commits battery in the second degree if the person intentionally or knowingly, without legal justification, causes physical injury to a person she knows to be sixty years of age or older. Ark. Code Ann. § 5-13-202(a)(4)(C) (Repl. 2006). Battery in the second degree is a class D felony. Ark. Code Ann. § 5-13-202(b).

Appellant argues that the State failed to prove that she acted with the purpose of causing physical injury. As an initial matter, we note that the requisite mental state is not purposefully, which requires proof that the actor has the conscious objective of engaging in conduct of that nature or causing the result, but knowingly, which only requires that appellant be aware that her conduct is certain to cause the result. *See* Ark. Code Ann. §§ 5-2-

202(1) & (2), 5-13-202(a)(4). Under the statute, the only specific intent required to commit second-degree battery is to cause physical injury. *K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998); *Purifoy v. State*, 307 Ark. 482, 882 S.W.2d 374 (1991). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime, and because intent cannot be proven by direct evidence, the fact finder is allowed to draw upon common knowledge and experience to infer it from the circumstances. *DeShazer v. State*, 94 Ark. App. 363, 230 S.W.3d 285 (2006). Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

Here, the evidence supports the element of intent. While appellant testified at trial and argues before this court that she did not intend to commit physical injury, the evidence was clear that appellant intended to restrain the victim. Specifically, Mildred testified that appellant grabbed her by both of her arms, threw her into a chair, and pushed her down anytime she tried to stand up.

Next, appellant argues that the State presented insufficient evidence to show that she caused physical injury. She contends that the evidence showed that Mildred received no medical treatment and that Mildred was on medication, which caused her to bruise easily. This argument, however, is not preserved for appellate review. At trial, appellant specifically argued about the elements of intent and knowledge of Mildred's age. She made no argument regarding the severity of Mildred's injuries. Accordingly, we decline to address this argument. *See* Ark. R. Crim. P. 33.1; *Brock v. State*, 90 Ark. App. 164, 204 S.W.3d 562 (2005).

Finally, appellant argues that the State presented insufficient evidence to show that she knew that Mildred was over the age of sixty. Under the second-degree-battery statute, the State must prove that the defendant had actual knowledge of the victim's age. *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001); *Hubbard v. State*, 20 Ark. App. 146, 725 S.W.2d 579 (1987). In *Sansevero*, our supreme court held that the evidence was insufficient to show that the accused knew the victim's age when the State argued that he should have been aware that the victim was twelve years of age or younger simply based upon her physical appearance. *See also Hubbard, supra* (reducing a conviction from second-degree battery

to third-degree battery based upon lack of proof regarding the victim's age); *but see Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995) (holding that the jury's observation of defendant at trial was sufficient circumstantial evidence that he was more than sixteen years old).

■ Again, the evidence is sufficient. The test is whether from the circumstances in the case at bar, appellant, not some other person or persons, knew that the victim was sixty years of age or older. *Sansevero, supra; Hubbard, supra.* The evidence here shows that appellant was married to Mildred's son for twenty years and that appellant took Mildred, who indeed has the appearance of an elderly woman, to the doctor on multiple occasions. While there is insufficient evidence to show that appellant was aware of Mildred's actual age, a reasonable inference can be made that appellant knew that Mildred was over sixty years of age.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.