SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-17-143

| | |
|---|---|
| FREDERICK PENNINGTON, JR.<br>APPELLANT | **Opinion Delivered:** November 2, 2017 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [60CR-77-1933] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

This case is one of three companion cases in which appellant Frederick Pennington, Jr., has appealed from sentencing orders entered after the original judgments of conviction were remanded for resentencing. In all three cases, appellant contends that the circuit court lacked the authority to order that the sentences in one of the cases run consecutively to the sentences in the other two cases. We affirm.

In 1978, appellant pled guilty to one count of first-degree murder and one count of aggravated robbery in Pulaski County Circuit Court case CR77-1933. He was sentenced to life imprisonment on each count. In case CR77-1934, he was sentenced to life imprisonment on one count of aggravated robbery and twenty years' imprisonment on one count of first-degree battery. In case CR77-1939, he received two life sentences on two counts of aggravated robbery. The judgments of conviction do not indicate whether the sentences were to run concurrently or consecutively. At the time the judgments were

SLIP OPINION

entered, sentences on multiple counts ran concurrently unless stated otherwise on the judgment. Ark. Stat. Ann. § 41-903(1) (Repl. 1977).

In 2014, this court granted appellant's petition for writ of habeas corpus and ordered that he be resentenced on the ground that the judgments were facially invalid because his sentence of life imprisonment with parole was not authorized by the statute in effect at the time his crimes were committed. *Pennington v. Hobbs*, 2014 Ark. 441, 497 S.W.3d 186.

At the resentencing hearing, appellant joined an argument made by a co-defendant that the trial court lacked jurisdiction to run the sentence in CR77-1933 consecutively to the sentences imposed in the other cases. The trial court rejected this argument and sentenced appellant as follows. In CR77-1933, he received 240 months' imprisonment on each charge, to be run concurrently, with an additional 360 months' imprisonment suspended on each charge. In CR77-1934, he received 600 months' imprisonment on the count of aggravated robbery and 240 months' imprisonment on the count of first-degree battery, to be run concurrently. In CR77-1939, he received 600 months' imprisonment on each count of aggravated robbery, to be run concurrently. The trial court ordered that the sentence imposed in CR77-1933 be run consecutively to the sentences imposed in the other two cases, resulting in an aggregate sentence of 840 months' imprisonment. This appeal followed entry of the sentencing orders.

Appellant argues on appeal, as he did before the trial court, that the trial court did not have the authority to run his sentence in CR77-1933 consecutively to the sentences in CR77-1934 and CR77-1939. In support of his argument, appellant cites this court's decision in *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995). However, in *Hadley*,

this court held that the trial court could not amend the original valid sentence to run the sentences consecutively after the sentence had been put into execution. Here, the original sentences were invalid, and we reversed and remanded for resentencing, so *Hadley* is not applicable.[1]

Appellant also relies on this court's decision in *Campbell v. State*, 288 Ark. 213, 703 S.W.2d 855 (1986), specifically the following statement by the court in that opinion: "Where a sentence involves separate sentences, as with several counts for example, it is true the law generally prohibits the modification of the legal portion of the sentence." 288 Ark. at 217, 703 S.W.2d at 857. Appellant neglects to include in his argument the very next sentence of *Campbell*, which states, "However, when there is an error in one portion of an individual sentence, as here, the courts view the sentence as an indivisible totality and if modification is required, the court may on resentencing impose any sentence it could have lawfully imposed at the outset." 288 Ark. at 217, 703 S.W.2d at 857–58. Thus, it is clear that, so long as the sentence could have been imposed in 1978, the trial court was permitted to impose it on remand.

Per Arkansas Statutes Annotated section 41–903(1), the trial court was permitted in 1978 to run appellant's sentences consecutively; it simply chose not to do so. Under

---

[1] Appellant also cites several cases applying the principle used in *Hadley* to revocation cases. However, this case involves sentences that were reversed and remanded, not revoked. Likewise, his citation to *Avants v. State*, 293 Ark. 24, 732 S.W.2d 149 (1987), is of no moment because, in that case, the trial court issued a corrected judgment; the judgment was not reversed and remanded as is the case here.

*Campbell*, the trial court was permitted to impose any punishment available in 1978.[2]  As it was permissible in 1978 to sentence appellant to the term of years imposed on resentencing and to run the sentences as ordered, the trial court did not exceed its jurisdiction in imposing appellant's sentence.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurs.**  Mr. Pennington's case must be affirmed because he did not raise the argument that he makes on appeal to the circuit court. Although I am loathe to unnecessarily resort to procedural bars, it is imperative that this court treat equally all parties who come before us.      At the resentencing hearing, counsel for Mr. Pennington and his codefendant, Billy Ray Hale, appeared.  Although represented by separate attorneys, Mr. Pennington's trial counsel adopted all of the arguments made on behalf of Mr. Hale.  In general, the trial attorneys  argued that the sentences in 60CR-77-1933, which arose from Mr. Pennington's conviction on charges of first-degree murder and aggravated robbery, should be reduced to a term of years and run concurrent to the sentences imposed in 60CR-77-1939 and 60CR-77-1934.  In support of this argument, Mr. Pennington's trial counsel argued that the sentences entered were part

---

[2] The Supreme Court of the United States has held that there is no per se prohibition against consecutive sentences being imposed after reversal of concurrent sentences, so long as the prohibition against vindictive resentencing is not violated.  *North Carolina v. Pearce*, 395 U.S. 711 (1969).   As appellant's sentence on remand was reduced from life imprisonment to a term of seventy years, it is clear that *Pearce* was not violated.  *See Norton v. State*, 731 So.2d 762 (Fl. 1999) (holding that the imposition of more lenient consecutive sentences following the reversal of concurrent sentences does not violate *Pearce*).

of a negotiated plea and that he was entitled to the "benefit of the bargain." His trial counsel also argued that this case implicated *Miller v. Alabama*, 567 U.S. 460 (2012). Mr. Pennington's trial counsel adopted the arguments raised by Mr. Hale's counsel who asserted that a life-without-parole sentence was not available in this case under *Miller* because there was no basis for finding that the Mr. Hale was "incorrigible." That argument primarily concerned evidence that Mr. Hale was not the shooter. None of these arguments are raised on appeal.

On appeal, Mr. Pennington's argument is quite different. Citing *Nelson v. State*, 284 Ark. 156, 680 S.W.2d 91 (1984), and *Cashion v. State*, 265 Ark. 677, 580 S.W.2d 470 (1979), Mr. Pennington argues that because the original sentences had been placed into execution, the circuit court had no authority to change the sentences from concurrent to consecutive. Essentially, this argument challenged the circuit court's *jurisdiction* to enter the new sentencing order.

I am mindful that this court has often said that the issue of a circuit court's jurisdiction can be raised for the first time on appeal. However, in making this argument, Mr. Pennington's appellate counsel has misstated the factual predicate necessary to assert this jurisdictional argument: the sentence placed in execution must be valid. *Williams v. State*, 229 Ark. 42, 313 S.W.2d 242 (1958). In the case before us, challenging the jurisdiction of the circuit court to impose a new sentence was foreclosed under the law-of-the-case doctrine because in granting Mr. Pennington's habeas petition and ordering resentencing, we had already determined that Mr. Pennington's original sentence was *not* valid. *Pennington v. Hobbs*, 2014 Ark. 441, 497 S.W.3d 186.

As for as the sentences that the circuit court imposed in this case, our inquiry need go no further than deciding whether the sentences were illegal on the face of the sentencing order. A sentence is "illegal on its face" when it falls outside the range authorized by statute. *See Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). The sentences imposed by the circuit court were not outside the statutory range and therefore not illegal on the face of the sentencing order.

I would decline to opine further whether the sentences imposed on Mr. Pennington were proper. I cannot ignore, as his appellant counsel obviously has, that the original sentences were imposed after a *negotiated* plea. All of the sentences imposed in 60CR-77-1933, as well as those imposed in 60CR-77-1939 and 60CR-77-1934, were set to run concurrently. Moreover, the original sentences imposed on Mr. Pennington provided that he would be eligible for parole. I cannot say that Mr. Pennington got "the benefit of his bargain." But alas, that argument is not before us.

I concur.

*William R. Simpson, Jr.*, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.