ROBIN F. WYNNE, Associate Justice |, This case is one of three companion cases in which appellant Frederick Pennington, Jr., has appealed from sentencing orders entered after the original judgments of conviction were remanded for resentencing. In all three cases, appellant contends that the circuit court lacked the authority to order that the sentences in one of the cases run consecutively to the sentences in the other two cases. We affirm. In 1978, appellant pled guilty to one count of first-degree murder and one count of aggravated robbery in Pulaski County Circuit Court case CR77-1933. He was sentenced to life imprisonment on each count. In case CR77-1934, he was sentenced to life imprisonment on one count of aggravated robbery and- twenty years’ imprisonment on one .count of first-degree battery. - In case GR77-1939, he received two life sentences on two counts of aggravated robbery. The judgments of conviction do not indicate whether the sentences were to run concurrently or consecutively. At the time the judgments were | ¡..entered, sentences on multiple counts ran- concurrently unless stated otherwise .on the judgment. Ark. Stat. Ann. § 41-903(1) (Repl. 1977). In 2014, this court granted 'appellant’s petition for writ of habeas corpus and ordered that he be resentenced on the ground that the judgments were facially invalid' because his sentence of life imprisonment with parole was not authorized by the statute in'effect at the time his crimes were committed. Pennington v. Hobbs, 2014 Ark. 441, 497 S.W.3d 186. At the resentencing hearing, appellant joined an argument made by a co-defendant that the trial court lacked jurisdiction to run the sentence in CR77-1933 consecutively to the sentences imposed in the other cases. The trial court rejected this argument and sentenced appellant as follows. In CR77-1933, he received 240 months’ imprisonment on each charge, to be run concurrently, with an additional 360 months’ imprisonment suspended on each charge. In CR77-1934, he received 600 months’ imprisonment on the count of aggravated robbery and 240 months’ imprisonment oh the count of first-degree battery, to be run concurrently. In CR77-1939, he received 600 months’ imprisonment on each count of aggravated robbery, to be run concurrently. The trial court ordered that the sentence imposed in CR77-1933 be run consecutively to the sentences imposed in the other two cases, resulting in an aggregate sentence of 840 months’ imprisonment. This appeal followed entry of the sentencing orders. Appellant argues on appeal, as he did before the trial court, that jfoe trial court did not have the authority to run his sentence in CR77-1933 consecutively to the sentences in CR77-1934 and CR77-1939. In support of his argument, appellant cites this court’s decision in Hadley v. State, 322 Ark. 472, 910 S.W.2d 675 (1995). However, in Hadley, lathis court held that the trial court could not amend the original valid sentence to run the sentences consecutively after the sentence had been put into execution. Here, the original sentences were invalid, and we reversed and remanded for resentencing, so Hadley is not applicable.[1] Appellant also relies on this court’s decision in Campbell v. State, 288 Ark. 213, 703 S.W.2d 855 (1986), specifically the following statement by the court in that opinion: “Where a sentence involves separate sentences, as with several counts for example, it is true the law generally prohibits the modification of the legal portion of the sentence.” 288 Ark. at 217, 703 S.W.2d at 857. Appellant neglects to include in his argument the very next sentence of Campbell, which states, “However, when there is an error in one portion of an individual sentence, as here, the courts view the sentence as an indivisible totality and if modification is required, the court may on re-sentencing impose any sentence it could have lawfully imposed at the outset.” 288 Ark. at 217, 703 S.W.2d at 857-58. Thus, it is clear that, so long as the sentence could have been imposed in 1978, the trial court was permitted to impose it on remand. Per Arkansas Statutes Annotated section 41-903(1), the trial court was permitted in 1978 to run appellant’s sentences consecutively; it simply chose not to do so. Under \ ¿Campbell, the trial court was permitted to impose any punishment available in 1978.[2] As it was permissible in 1978 to sentence appellant to the term of years imposed on resentencing and to run the sentences as ordered, the trial court did not exceed its jurisdiction in imposing appellant’s sentence. Affirmed. Hart, J., concurs. . Appellant also cites several cases applying the principle used in Hadley to revocation cases. However, this case involves' sentences that were reversed and remanded, not revoked. Likewise, his citation to Avants v. State, 293 Ark. 24, 732 S.W.2d 149 (1987), is of no moment because, in that case, the trial court issued a corrected judgment; the judgment was not reversed and remanded as is the case here. . The Supreme Court of the United States has ■ held that there is no per se prohibition against consecutive sentences being imposed after reversal of concurrent sentences, so long as the prohibition against vindictive resen-tencing is not violated. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct, 2072, 23 L.Ed.2d 656 (1969). As appellant's sentence on remand was reduced from life imprisonment to a term of seventy years, it is clear that Pearce was not violated. See Norton v. State, 731 So.2d 762 (Fl. App. 1999) (holding that the imposition of more lenient consecutive sentences following the reversal of concurrent sentences does not violate Pearce).