PHILLIP T. WHITEAKER, Judge
Appellant Henry Williams was convicted by a Pulaski County jury of one count of first-degree battery; his twenty-five-year sentence was enhanced by an additional three years under Arkansas Code Annotated section 5-4-702 (Repl. 2013), which provides for enhanced penalties for *549 offenses committed in the presence of a child.[1] On appeal, Williams argues that the circuit court should have granted his motion for directed verdict on the sentence enhancement because the State failed to prove that he committed the offense in the presence of a child. We affirm.
A motion for a directed verdict is a challenge to the sufficiency of the evidence. Carter v. State , 2019 Ark. App. 57, 568 S.W.3d 788. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. Taylor v. State , 2017 Ark. App. 331, 522 S.W.3d 844 ; Ealy v. State , 2017 Ark. App. 35, 511 S.W.3d 355. We affirm a conviction if substantial evidence exists to support it. Taylor, supra. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id.
Substantial evidence can be either direct or circumstantial. Chatmon v. State , 2015 Ark. 28, 467 S.W.3d 731. Direct evidence is evidence that proves a fact without resorting to inference, such as when a witness testifies as to what he or she saw, heard, or experienced. Id. Circumstantial evidence is evidence from which a fact may be inferred. Id. Evidence of guilt is not less because it is circumstantial. Id. Further, circumstantial evidence may constitute substantial evidence to support a conviction. Holland v. State , 2017 Ark. App. 49, 510 S.W.3d 311.
On appeal, Williams does not challenge the sufficiency of the evidence supporting his battery conviction. His only argument concerns the sentence enhancement. As a result, we set forth the facts that support his conviction as necessary to give context to his argument.
Williams shot Jacent Winston three times in the legs while Winston was washing his truck in the front yard of his home. At the time of the shooting, eight children ranging in ages from eight to seventeen were at Winston's home awaiting a birthday party for the twelve-year-old daughter of Winston's girlfriend. Before the actual shooting, Williams engaged Winston in conversation. Williams informed Winston that he lived in a house behind Winston's, and Williams stated that he had been watching Winston "for a long time." During the conversation, Winston's daughter[2] came outside, spoke to Winston in the presence of Williams, and returned to the home. Immediately thereafter, Williams pointed a gun at Winston's head. Winston tried to run around his vehicle but was shot by Williams and fell to the ground. After Winston fell, Williams attempted to shoot him in the head, but his gun either jammed or ran out of bullets. Hearing the gunfire, the children came out of the house onto the front porch. According to Winston, Williams then "looked up at the kids and he smiled and he walked away real slowly."
As is pertinent to this appeal, at the close of the State's case, Williams moved for directed verdict on the enhancement for committing the offense in the presence of a child.[3] Williams argued that the State *550 did not call any of the children who were present at the time of the shooting to testify and thus failed to prove that he knew that any children were present. The circuit court denied his motion, citing Winston's testimony that the children had been on the porch.
On appeal, Williams asserts that this ruling was erroneous. More specifically, Williams contends that the State failed to introduce evidence that would have allowed the jury to infer that he had actual, personal knowledge that there was someone under sixteen years of age at the crime scene. His argument is premised on the language of section 5-4-702, which provides, in pertinent part, that "[a]ny person who commits ... assault or battery, Ark. Code Ann. § 5-13-201 et seq., ... may be subject to an enhanced sentence of an additional term of imprisonment of not less than one (1) year and not greater than ten (10) years if the offense is committed in the presence of a child." "Child" means "a person under sixteen (16) years of age." Ark. Code Ann. § 5-4-701(1) (Repl. 2013). "In the presence of a child" means "in the physical presence of a child or knowing or having reason to know that a child is present and may see or hear an act." Ark. Code Ann. § 5-4-701(2).
Williams argues that the State failed to present evidence that he had "actual, personal knowledge that anyone under sixteen years of age was present when he shot Jacent Winston." Citing Sansevero v. State , 345 Ark. 307, 45 S.W.3d 840 (2001), and Hubbard v. State , 20 Ark. App. 146, 725 S.W.2d 579 (1987), Williams contends that the State was required to present proof that he had actual, subjective knowledge that any person at the crime scene was under sixteen years of age. We cannot agree with Williams's argument.
Sansevero and Hubbard involved second-degree-battery charges brought pursuant to Arkansas Code Annotated section 5-13-202(a)(4). A defendant charged under section 5-13-202(a)(4) must "knowingly ... cause[ ] physical injury to one he knows to be sixty years of age or older or twelve years of age or younger." (Emphasis added.) Both the supreme court in Sansevero and this court in Hubbard interpreted the phrase "knows to be" and held that when an offense requires that a defendant act knowingly with respect to the age of the victim, proof of the defendant's actual, subjective knowledge of the victim's age is an essential element of the offense that must be proved beyond a reasonable doubt. Sansevero , 345 Ark. at 312, 45 S.W.3d at 843 ; Hubbard , 20 Ark. App. at 148, 725 S.W.2d at 580.
Here, however, the enhancement statute requires proof that the defendant knew or had reason to know that a child was present at the commission of the offense. The jury was instructed on this enhancement as follows:
The State has alleged that Henry Williams committed the offense of battery in the first degree in the presence of a child. To sustain this allegation, the State must prove beyond a reasonable doubt that Henry Williams committed the offense of battery in the first degree knowing or having reason to know that a person under 16 years of age was present and might see or hear an act of battery in the first degree.
(Emphasis added.) When a statute provides that a defendant must know or have reason to know a fact, the defendant's knowledge may be inferred from the circumstances. See, e.g. , Johnson v. State , 2011 Ark. App. 718, 2011 WL 5974286 (conviction for theft by receiving affirmed when the evidence permitted an inference that the defendant had good reason to *551 know the property was stolen[4] ); Eaton v. State , 98 Ark. App. 39, 45, 249 S.W.3d 812, 812 (2007) ("Because intent can rarely be proven by direct evidence, the fact-finder is allowed to draw upon its common knowledge and experience to infer intent from the circumstances."). The State therefore had to present sufficient evidence about what Williams knew or had reason to know.
Here, the evidence presented at trial was sufficient to prove that Williams had reason to know that a person under the age of sixteen was present. Winston's girlfriend, Mary Holmes, testified that her four children, her niece and nephew, and Winston's two daughters were at the house that day; of the eight children, six were under the age of sixteen. Further, as noted above, Winston testified that immediately before the shooting, while Williams was in the driveway with him, one of his young daughters came out onto the porch. Winston explained that the kids all came outside when they heard the shots and came running over to check on him. On cross-examination, Winston clarified that the children were on the porch as Williams was firing at him, stating that "as I'm being chased around the truck being shot at, the children are on the porch.... I know it was at least five children on the porch. At least four or five.... They were on the porch when all of this was going down. They sat there and watched the whole thing." Winston expressly stated that after the shooting, Williams "looked up at the kids and he smiled."
The jury thus heard undisputed testimony about the presence of the children, the ages of the children, and Williams's awareness of the children. This was clearly sufficient evidence from which the jury could infer that Williams had reason to know that children under the age of sixteen were present and could see or hear the act of battery that he inflicted on Winston. We therefore hold that the circuit court did not err in denying Williams's motion for directed verdict on the enhancement for committing the offense of battery in the presence of a child.
Affirmed.
Gruber, C.J., and Vaught, J., agree.

Williams's sentence was also subjected to an additional seven years' imprisonment pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2016) for using a firearm in the commission of the crime.

Winston explained that he has two daughters, ages eight and twelve, but he did not specify which daughter came outside.

Winston properly renewed his motion at the close of the evidence.

Arkansas Code Annotated section 5-36-106(a) (Repl. 2013) provides that a person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person knowing that the property was stolen or having good reason to believe the property was stolen. (Emphasis added.)