Michelle Elayne LANGLEY v. STATE of Arkansas

CA CR 00-868                                    34 S.W.3d 364

Supreme Court of Arkansas
Opinion delivered January 11, 2001

*Jeff Rosenzweig,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This matter comes to us upon our acceptance of certification from the Arkansas Court of Appeals. Michelle Elayne Langley was arrested by a

deputy with the White County Sheriff's office after he discovered marijuana, methamphetamine, and drug paraphernalia in her car. Accordingly, Ms. Langley was charged with two felonies for possession of methamphetamine and drug paraphernalia. She was also charged with one misdemeanor for possession of marijuana. Ms. Langley filed a motion to suppress all of the evidence seized from her car, but that motion was denied by the trial court. Pursuant to Ark. R. Crim. P. 24.3(b) (2000), Ms. Langley entered a conditional plea of guilty on all of the charges while reserving the right, on appeal from the judgment, to review the trial court's adverse determination of her pretrial motion to suppress evidence. On each of the two felonies and one misdemeanor, she was sentenced to ten days confinement in the county jail to run concurrently. She was also sentenced to four years probation on the felony charges and one year probation on the misdemeanor charge.

On appeal, Ms. Langley argues that the trial court erred in denying her motion to suppress evidence. In bringing that appeal to the court of appeals, the Clerk of the Court required Ms. Langley to pay a $100 filing fee pursuant to Ark. Code Ann. § 21-6-401 (Repl. 1996). Ms. Langley paid the filing fee under protest and subsequently filed a motion for refund of the filing fee in the court of appeals. She argued that there is no statutory authority for the imposition of a filing fee in her case because it is a felony appeal. Thereafter, the court of appeals certified the motion to this court, and we accepted certification for the limited purpose of deciding Ms. Langley's motion for refund of the filing fee. We ordered briefing, and the parties have complied.

Ms. Langley contends that there is no statutory authority for a filing fee in a felony appeal. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.*

Arkansas Code Annotated section 21-6-401(a)(1) provides that:

> The Clerk of the Supreme Court shall be allowed and paid by the appellant or petitioner, in advance, *in all civil actions and misdemean-*

*ors* filed in either the Supreme Court or Arkansas Court of Appeals a fee of one hundred dollars ($100), which shall be full payment of all the costs in the proceedings.

(Emphasis added). Thus, a $100 filing fee is authorized by statute in the case of civil actions and misdemeanors, whereas felony cases are not specifically mentioned in section 21-6-401(a)(1). That distinction, however, is of no consequence in this particular case. While Ms. Langley correctly points out that there is no statutory authority pursuant to section 21-6-401(a)(1) for the collection of a filing fee in a felony case, she ignores the clear statutory authority for the collection of a filing fee in a misdemeanor case. Here, Ms. Langley has appealed from the judgment entered against her on the misdemeanor charge as well as the felony charges. Accordingly, the plain language of section 21-6-401(a)(1) authorizes the Clerk of the Court to collect a $100 filing fee from Ms. Langley in this case, and she is not entitled to a refund at this time.[1].

■ Ms. Langley concedes that one of the offenses on appeal in this case is a misdemeanor, but argues that the filing fee is still not authorized because the felonies and the misdemeanor "stem from the same course of conduct." Specifically, she argues that the imposition of a filing fee in this case would violate Ark. Code Ann. § 5-4-403(c)(1) (Repl. 1997), which states: "A sentence of imprisonment for a misdemeanor and a sentence of imprisonment for a felony shall run concurrently, and both sentences shall be satisfied by service of sentence for a felony[.]" That statute simply has no relevance to the issue we are asked to decide; nor does it affect the plain language of section 21-6-401(a)(1).[2]

Motion denied.

---

[1] Arkansas Supreme Court Rule 6-7(b) (2000) allows the appellant to recover the $100 filing fee upon reversal of a case.

[2] This court's parenthetical statement in *Miller v State*, 229 Ark. 548, 549, 775, S.W.2d 79, 80 (1989), that no filing fee is required "when lodging an appeal on a criminal matter" is clearly obiter dictum.