Teresa Ann HARRIS *v.* STATE of Arkansas

CA CR 00-943                                    44 S.W.3d 347

Court of Appeals of Arkansas
Division III
Opinion delivered April 4, 2001

*Robert N. Jeffrey*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. A Cleveland County Circuit Court jury found appellant, Teresa Harris, guilty of the offenses of manufacturing methamphetamine; possession of drug paraphernalia with intent to manufacture methamphetamine; possession of anhydrous ammonia in an unlawful container; and simultaneous possession of drugs and firearms. She was sentenced to the Arkansas Department of Correction for twelve years; ten years; five years; and five years, respectively, with the sentences to run concurrently. Harris's sole point on appeal is that the trial court erred in denying her motion for directed verdict on the count of simultaneous possession of drugs and firearms because there was insufficient evidence to show that she was in possession of a useable amount of methamphetamine. We affirm.

■■ Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000). When the sufficiency of the evidence is challenged, the appellate court considers only that evidence which supports the guilty verdict, and the test is whether there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence of such certainty and precision as to compel a conclusion one way or another. *Id.*

At trial, the State called Chris Harrison, a forensic chemist with the Arkansas State Crime Laboratory, who testified that the only exhibit he tested was a coffee filter containing residue that tested positive for methamphetamine. Harrison stated that he was unable to weigh the residue, but he opined that it was less than one gram.

Based upon Harrison's testimony, appellant contends that because there was not a useable amount of methamphetamine introduced into evidence, she cannot be guilty of the offense of simultaneous possession of drugs and a firearm. In support of her argument, appellant cites *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990), contending that possession of a controlled substance must be of a measurable or useable amount to constitute a violation of Ark. Code Ann. § 5-64-401. While we agree that *Harbison* stands for the proposition that a defendant must possess a useable amount of the controlled substance to constitute criminal possession of a controlled substance under section 5-64-401, *Harbison* is not dispositive in the present case.

Subsection (a)(1) of Arkansas Code Annotated section 5-74-106 (Repl. 1997), the statute governing the offense of simultaneous possession of drugs and firearms, provides: "No person shall unlawfully commit a felony violation of § 5-64-401 or unlawfully attempt, solicit, or conspire to commit a felony violation of § 5-64-401 while in possession of a firearm." Section 5-64-401(a) (Supp. 1999) provides: "Except as authorized by subchapters 1-6 of this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance."

Appellant was convicted of manufacture of methamphetamine under Ark. Code Ann. § 5-64-401, a Class Y felony, and she did not appeal that conviction to this court. Although she argued to the trial court below that there was insufficient evidence presented by the State to prove that she possessed a firearm, she abandons that argument on appeal. Appellant's felony conviction of the manufacture of methamphetamine under Ark. Code Ann. § 5-64-401, which she did not appeal, together with a finding of simultaneous possession of a firearm, satisfies the requirements of Ark. Code Ann. § 5-74-106 irrespective of whether a useable amount of a controlled substance was involved in the offense. Therefore, the evidence, when viewed in the light most favorable to the State, is sufficient to sustain appellant's conviction for simultaneous possession of drugs and firearms.

Affirmed.

JENNINGS and NEAL, JJ., agree.