Jose Luis VERGARA-SOTO *v.* STATE of Arkansas

CA CR 01-912                                      74 S.W.3d 683

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 2002

*George R. Spence*, for appellant.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

S AM BIRD, Judge. A Washington County Circuit Court jury found appellant, Jose Luis Vergara-Soto, guilty of the offenses of possession of methamphetamine with intent to deliver and simultaneous possession of drugs and a firearm. He was sentenced to the Arkansas Department of Correction for 180 months for each offense, with the sentences to run concurrently. Vergara-Soto's sole point on appeal is that the trial court erred in denying

his motion for directed verdict on the charge of simultaneous possession of drugs and firearms because there was insufficient evidence to show that the handgun was "readily accessible for use." We affirm.

■ Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Harris v. State*, 73 Ark. App. 185, 44 S.W.3d 347 (2001). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Rabb v. State*, 72 Ark. App. 396, 39 S.W.3d 11 (2001). Substantial evidence, whether direct or circumstantial, is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resort to speculation or conjecture. *Id.* Only evidence supporting the verdict is considered. *Carmichael v. State*, 340 Ark. 598, 12 S.W.3d 225 (2000).

The evidence established that while Fayetteville police officers were conducting a search of another residence, Vergara-Soto was asked by the officers if he would consent to a search of his residence, and Vergara-Soto agreed to the search. Officer Mike Henderson testified that after the search of the other residence was concluded, he and the other officers followed Vergara-Soto three or four miles to his residence that was located in a trailer park. Henderson testified that when they arrived at the trailer park, Vergara-Soto gave him the keys to his trailer and that he and the other officers entered Vergara-Soto's trailer and began to search. Vergara-Soto remained outside the trailer while the officers conducted their search. Craig McKee, a detective with the Fourth Judicial District Drug Task Force, testified that he searched through a pile of clothes in a bedroom of Vergara-Soto's trailer and located a pair of jeans that had a bulge in one of the legs. When he picked up the jeans, a white sock that contained methamphetamine and a nine millimeter handgun fell to the floor.

Arkansas Code Annotated section 5-74-106(a)(1) (Repl. 1997) provides that no person shall unlawfully commit a felony violation of section 5-64-401 (Repl. 1997) (manufacturing, delivering, or possessing with intent to manufacture or deliver a con-

trolled substance) or unlawfully attempt, solicit, or conspire to commit a felony violation of section 5-64-401 while in possession of a firearm. Section 5-74-106(d) provides that it is a defense to the crime described in section 5-74-106(a) "that the defendant was in his home and the firearm was not readily accessible for use."

■ In order to obtain a conviction under section 5-74-106(a)(1), the State must prove two elements: (1) that the defendant possessed a controlled substance and a firearm, and (2) that a connection existed between the firearm and the controlled substance. *Johnson v. State*, 333 Ark. 673, 972 S.W.2d 935 (1998); *see also Manning v. State*, 330 Ark. 699, 956 S.W.2d 184 (1997) (holding that some link between the firearm and drugs is required; mere possession of a firearm is not enough).

Vergara-Soto does not challenge the sufficiency of the evidence to prove that the methamphetamine and handgun were found together in his trailer. Nor does he contend that there was no connection between the methamphetamine and the handgun or that the handgun was not susceptible of use as a weapon. Rather, he argues that the evidence proved the existence of the defense provided by section 5-74-106(d), that he "was in his home and the firearm was not readily accessible for use." We do not agree. In order to avail himself of this defense, Vergara-Soto had to establish, first, that he "was in his home" and, second, that "the firearm was not readily accessible for use." Ark. Code Ann. § 5-74-106(d). Both of these elements must be established in order for Vergara-Soto to prevail on the defense. However, by his very argument, Vergara-Soto admits that he was not in his home; therefore, he has not fulfilled the first requirement in proving the defense.

The concurring opinion does not support our interpretation of the statutory defense provided in Ark. Code Ann. § 5-74-106(d), but, instead, interprets the statute's first requirement, that the defendant be "in his home," to mean that the defendant need not be in his home to avail himself of the defense. The concurring opinion suggests that the requirement that the defendant be "in his home" does not mean what it says, but that it actually means

that the "possession" at issue, whether actual or constructive, must occur in the defendant's home, whether the defendant is in his home or not. We find no basis in the language of the statute to support such an interpretation.

■ ■ While we recognize that criminal statutes are strictly construed and any doubts are resolved in favor of the defendant, we are first and foremost concerned with ascertaining the intent of the General Assembly. *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001). In statutory interpretation matters, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Langley v. State*, 343 Ark. 324, 34 S.W.3d 364 (2001). In adopting section 5-74-106(d), the General Assembly obviously intended to create a very narrow exception to the crime of simultaneous possession of drugs and firearms where "the defendant was in his home and the firearm was not readily accessible for use." We see nothing in this clear and unambiguous language that permits an interpretation other than, first, that the defendant must be in his home and, second, that the firearm is not readily accessible for use in order for a defendant to avail himself of the defense.

The concurring opinion apparently prefers to affirm this case on the basis of Vergara-Soto's failure to establish the second element of the statutory defense, that the firearm was not readily accessible for use, citing *Gilbert v. State*, 341 Ark. 601, 19 S.W.3d 595 (2000), in which the supreme court also took that approach. However, in *Gilbert*, while there was a dispute as to whether Gilbert was in *his home* or whether he actually resided elsewhere, there was no dispute that Gilbert was in the house where the drugs and firearm were located. Thus, the supreme court noted that, even if he had proved that he was in *his home*, Gilbert had failed to prove that the firearm (that was in an open case in the living room) was inaccessible for use; thus, he could not avail himself of the defense.

■ *Gilbert* is clearly distinguishable from the case at bar. Here, it is not disputed that the handgun *was* found in Vergara-Soto's home and it is not disputed that Vergara-Soto *was not* in his home when the handgun was discovered. Under these circum-

stances, clearly Vergara-Soto has failed to establish that he was "in his home," as the statutory defense requires.[1]

On the other hand, to hold, as the concurring opinion apparently would, that constructive possession of a firearm by one who is not present in his home when a firearm is discovered is equivalent to the firearm's being "readily accessible for use," is to eliminate the availability of the statutory defense to anyone, whether or not they are present in their home where drugs and firearms are discovered. Since constructive possession can be implied when contraband is found in a place that is immediately and exclusively accessible to the defendant and subject to his control, *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001), under the analysis employed by the concurring opinion, the known presence of illegal drugs and firearms in a defendant's home would preclude the defendant from relying upon the statutory defense afforded by section 5-74-106(d), regardless of whether the firearm was readily accessible for use, thereby rendering the statutory defense a nullity.

■ However, we hold that where the evidence was undisputed that the methamphetamine and handgun were found together in a sock in Vergara-Soto's trailer, and that Vergara-Soto was not in his home when the methamphetamine and handgun were discovered, the trial court did not err in denying Vergara-Soto's motion for directed verdict.

Affirmed.

VAUGHT, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in affirming this case but do not agree that Vergara-Soto had to be literally inside his home when the contraband and gun were found in order to avail himself of the defense set out in Ark. Code Ann. § 5-74-106(d). Vergara-Soto was charged with simul-

---

[1] The concurring opinion says that the statutory defense contained in Ark. Code Ann. § 5-74-106(d) requires proof that the defendant was "in his own home"; however, the statute does not contain the word "own."

taneous possession of drugs and firearms. He was away from his trailer home and was brought there by officers, remaining outside while the officers conducted a search that resulted in the discovery of a handgun and contraband together in a sock, and three clips of ammunition in another room. A common-sense reading of the statutory defense relied upon by Vergara-Soto suggests that the "possession"[1] at issue, whether actual or, as in this case, constructive, must occur in the defendant's *own home*, as opposed to another location, for the defense to attain.

In *Gilbert v. State*, 341 Ark. 601, 19 S.W.3d 595 (2000), the supreme court said that the record was conflicting on whether the appellant was "in his own home" as the statutory defense requires, or another home not his primary residence, but found the defense unavailable to him because the gun was not inaccessible for use. It would indeed be ludicrous for this defense to be available to a defendant who is found inside his own home at the time of a search and necessarily in much closer proximity to a weapon, but not to one who remains outside or is even away from home during a search. Statutory construction requires a common-sense approach. *Rosario v. State*, 319 Ark. 764, 894 S.W.2d (1995). Even penal statutes should not be construed to reach absurd results. *Dollar v. State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

To establish the offense at issue, the State must prove two elements 1) Vergara-Soto possessed a firearm, and 2) a connection existed between the firearm and the controlled substance. *Gilbert v. State, supra*. In this instance, there was a close connection between Vergara-Soto's firearm and the controlled substance, Vergara-Soto does not contest on appeal that he possessed these items, and does not contend that the gun was not readily accessible for use because the ammunition clips were located in a different room of the trailer. A gun with three ammunition clips in a small trailer is clearly "readily accessible for use," and I agree in affirming this conviction.

---

[1] Vergara-Soto does not argue on appeal that he was not "in possession" of the items found. Thus, his "possession," and our analysis of the argument he does raise, must necessarily place him in the home with the contraband and gun.