

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–97

| | |
|---|---|
| TREVAILS DOTSON | **Opinion Delivered** October 2, 2013 |
| APPELLANT | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. CR-12-47-1] |
| V. | |
| | HONORABLE TOM COOPER, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

A jury found appellant Trevails Dotson guilty of third-degree domestic battering, possession of a controlled substance (marijuana) with purpose to deliver, and simultaneous possession of drugs and a firearm. He appeals his convictions for possession of a controlled substance with purpose to deliver and simultaneous possession of drugs and a firearm,[1] challenging the sufficiency of the evidence to support those convictions. We affirm.

On April 11, 2012, Dotson's then-wife, Nikki Sisson, filed a domestic abuse report against him. She also advised the officers that Dotson kept marijuana and a gun in their bedroom closet. Officers went to the marital home, where Dotson was arrested and removed for domestic battery. After Dotson's removal, officers searched the home with Sisson's consent. Sisson led the officers to a small closet in the bedroom and showed them

---

[1]He has not appealed the conviction of third-degree domestic battery.

SLIP OPINION

a lockbox in the bottom left corner of the closet. She provided the officers with a key to the lockbox. Inside of the lockbox, they found a plastic bag containing over four ounces of marijuana. A gun was located on the top shelf of the closet within close proximity to the lockbox. A digital scale was located on a dresser in the bedroom approximately six feet from where the marijuana was found. The officers did not find any individual plastic bags, large sums of cash, or records of drug transactions; nor did they find any drug residue on the scales. Sisson claimed that the marijuana and gun belonged to Dotson and that he was selling drugs. She further stated that the key to the lockbox was on their joint key ring.

After his arrest, Dotson gave a statement to the police. In his statement, Dotson stated in part:

> . . . I was told by the officer that they had found a brick of Marijuanna [sic] in *my lock box* at *my house*. I saw the officer was also holding *my gun* that has been in my family for all my life. The officer was clearing the gun. My gun was a 40 caliber pistol and I had the gun for about 3 months. The gun had always been in my family and I recently got it from my mom because someone had tried to break into my house. I had the gun for a protection purpose. As far as the Marijuana, I smoke it by myself and I use it for medical reasons only. I don't sell Marijuana and strictly use it for personal use only. I bought the Marijuana about two days ago for $80. I didn't know how much it weighted [sic], but I thought it was a good deal, so I bought it. *I knew my marijuana* was in *my lock box*, but I thought my gun was in my car.

(Emphasis added.)

At trial, Dotson denied buying the marijuana as indicated in his statement and claimed that the marijuana was purchased by and belonged to Sisson. He further denied that he had the key to the lockbox where the marijuana was found. He stated that his mother had given him the gun to pawn for money to pay bills, but that he thought that it was in the car Sisson was driving and not in the closet where it was ultimately located. He further denied any

2

knowledge of the scale that was found in the bedroom or that he was selling marijuana. He admitted signing the statement above, but stated that he never told the officer it was his marijuana and that he told the officer the gun belonged to his mother and should be released to her.

Dotson argues that there was insufficient evidence submitted to find that he actually or constructively possessed either the marijuana or the firearm. He further argues that there was insufficient evidence presented to show that he either had the means to weigh or separate the marijuana or that he had the firearm in his immediate possession or control. Finally, he argues that there was insufficient evidence that he possessed the drugs and the firearm simultaneously or that there was a nexus between the firearm and the drugs.

In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *McKenzie v. State*, 362 Ark. 257, 208 S.W.3d 173 (2005). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. *Fultz v. State*, 333 Ark. 586, 972 S.W.2d 222 (1998). Circumstantial evidence provides the basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id*. The question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001). It is only when the evidence leaves the jury solely to speculation or conjecture that it is insufficient as a matter of law. *Boston v. State*, 69 Ark. App. 155, 12 S.W.3d 245

(2000). We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429.

Dotson was charged with possession of marijuana with purpose to deliver under Arkansas Code Annotated section 5-64-436(a),[2] which makes it unlawful to possess a Schedule VI controlled substance, such as marijuana, with the purpose to deliver it. He was also charged with simultaneous possession of drugs and firearms in violation of Arkansas Code Annotated section 5-74-106(a)(1).[3] In order to sustain a conviction for simultaneous possession of drugs and firearms, the State must show possession of a firearm by the accused and a nexus between the firearms and the drugs. *See Cherry v. State*, 80 Ark. App. 222, 95 S.W.3d 5 (2003).

Dotson argues that he was not physically present at the home during the search and the confiscation of any contraband. As a result, he contends that the State cannot prove actual possession of any drugs or weapon and the evidence does not support a conclusion of constructive possession. While it is true that Dotson was not present at the residence at the time of the search, literal physical possession of contraband is not required to support a conviction. *See Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Contraband is deemed to be constructively possessed if the location of the contraband was under the dominion and control of the accused. *See Fultz*, *supra*. Our supreme court has held that constructive possession exists where joint occupancy of the premises occurs and where there are additional

[2](Supp. 2011).

[3](Supp. 2011).

4

SLIP OPINION

factors linking the accused to the contraband. *See Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Those additional factors include: (a) whether the accused exercised care, control, and management over the contraband; and (b) whether the accused knew the material was contraband. *See id.*; *see also Crossley v. State*, 304 Ark. 378, 802 S.W.2d 459 (1991). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *See Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

Dotson's absence during the search and confiscation of the contraband does not eliminate a conclusion of constructive possession under the evidence submitted to the jury. The drugs and the firearm were found in a bedroom closet, in close proximity to each other, and within several feet of a digital scale. This bedroom was shared by Dotson and Sisson. Dotson was present in the house just prior to the search. Sisson provided a key to the lockbox containing the marijuana from a key ring used by Dotson. She also testified that Dotson was selling drugs and she had observed him weighing the drugs on previous occasions. While Dotson denied selling drugs and having any possession of the key involved, determining the credibility of witnesses is a function left solely to the fact-finder. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Most importantly, Dotson gave a statement admitting that he had purchased the marijuana and possessed the firearm. This statement infers more than mere knowledge of the contraband, but also ownership and control over it. This admission also corroborates Sisson's assertions that the drugs and the pistol belonged to Dotson. While Dotson's testimony contradicted the statement, the jury was not required

to believe Dotson's testimony. *See Castrellon v. State*, 2013 Ark. App. 408, ___ S.W.3d ___. On these facts, taking the evidence in the light most favorable to the State as we must do, there was sufficient evidence to support the convictions.

To the extent Dotson argues that he could not be found guilty of simultaneous possession of drugs and a firearm because he was not present when the gun and drugs were found and the gun was not readily accessible to him, that defense is not available to him. Arkansas Code Annotated section 5-74-106(d) provides:

> It is a defense to this section that the defendant was in his or her home and the firearm or other implement or weapon was not readily accessible for use.

In order for this defense to apply, the defendant must establish (1) that he was in his home and (2) that the firearm was not readily accessible for use. Because Dotson was not in his home during the search—the first element of the defense—the defense is not available to him. *See Vergara-Soto v. State*, 77 Ark. App. 280, 74 S.W.3d 683 (2002).

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*Brasel Law Firm, PLLC*, by: *Aaron R. Brasel*, for appellant.

Dustin McDaniel, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.