

Cite as 2014 Ark. App. 336

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-1014

EDWARD JUANITO BOYD
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered May 28, 2014

APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT
[NOS. CR-08-384, CR-10-940]

HONORABLE JAMES O. COX, JUDGE

AFFIRMED

## PHILLIP T. WHITEAKER, Judge

Edward Boyd appeals from an order of the Sebastian County Circuit Court revoking his suspended imposition of sentence (SIS) and sentencing him to twenty-five years in the Arkansas Department of Correction. We find no error and affirm.

In 2008, Boyd pled guilty to one count of first-degree domestic battery in case number CR-2008-384 in the Sebastian County Circuit Court; he was sentenced to eight years' imprisonment with an additional twelve years' SIS. Boyd was released from the Department of Correction in April 2010. In October 2010, in case number CR-2010-940, Boyd pled guilty to possession of drug paraphernalia, possession of methamphetamine, and being a felon in possession of a firearm; in that case, he was sentenced to nine years in the

Department of Correction and an additional SIS of eleven years. Boyd was paroled in the 2010 case in April 2013.

In August 2013, the State filed a petition to revoke Boyd's SIS, alleging that he had committed and been charged with the offenses of simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and felon in possession of a firearm.

On appeal, Boyd contends that the State failed to prove that he possessed the methamphetamine, the firearm, or the ammunition. Boyd asserts that, at most, the State proved that he was merely present at the scene where the drugs and the gun were found, but there was no proof demonstrating that he exercised control or dominion over the contraband. Therefore, Boyd contends, the State failed to present sufficient evidence to support the revocation of his SIS. We disagree and hold that there was sufficient evidence to warrant the revocation.

Adam Nading, a parole officer for Boyd's roommate and girlfriend, Marissa Ward, went to Boyd's residence to inquire about a supervision-fee payment. Upon arrival, Nading knocked on the door. Boyd looked out of the window and made eye contact with Nading, but he did not open the door. Nading waited a few minutes, and he then "made entry . . . with the assistance of Fort Smith narcotics [officers]" who had accompanied Nading based on Boyd's criminal history.

Both Boyd and Ward were detained, and a search of their joint residence was conducted. A search of Boyd's person revealed a rubber-band–wrapped bundle of money;

inside the folded-up money was a small Ziploc bag containing a "crystal substance" that field-tested positive for methamphetamine. The search of the one-bedroom residence produced a Sterling .22 semiautomatic pistol with one round in the chamber and seven more in the magazine. The pistol was found in the bedroom, in a pile of clothes next to a dresser. Inside the dresser, the officers also found a Crown Royal bag containing several Ziploc bags; the bags held residue, a brown substance, and pills. Both male and female clothing was found in the bedroom. A glass pipe with residue was found in the living room on the couch. Next to the couch, there was a set of digital scales with a sliding top; underneath the top were several Ziploc bags with residue in them. A small metal bowl on the kitchen table held about sixty .22 caliber shells, and a box in the bedroom held about fifty Monarch 9mm shells.

Boyd argues that this evidence was insufficient to support the revocation of his SIS. To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension. *Bedford v. State*, 2014 Ark. App. 239; *Murry v. State*, 2010 Ark. App. 782. The State bears the burden of proof, but it need only prove that the defendant committed one violation in order to sustain the revocation. *Bedford*, *supra*.

Because the burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, evidence that is insufficient for a conviction may be sufficient for a revocation. *Reyes v. State*, 2012 Ark. App. 358; *Pitchford v. State*, 2011 Ark. App. 188. When the sufficiency of the evidence is challenged on appeal, we will not reverse a trial court's decision to revoke unless its findings are clearly against the preponderance of the

3

SLIP OPINION

evidence. *Reyes*, *supra*. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Id.*

Although Boyd argues that the State failed to prove that he possessed the contraband, this court has held that literal physical possession of contraband is not required to support a conviction. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147; *Dotson v. State*, 2013 Ark. App. 550. Contraband is deemed to be constructively possessed if the location of the contraband was under the dominion and control of the accused. *Dotson*, *supra*. Our supreme court has held that constructive possession exists where joint occupancy of the premises occurs and where there are additional factors linking the accused to the contraband. *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Those additional factors include (a) whether the accused exercised care, control, and management over the contraband; and (b) whether the accused knew the material was contraband. *Id.*; *see also Crossley v. State*, 304 Ark. 378, 802 S.W.2d 459 (1991). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988). Moreover, the fact that contraband is found in common areas of the residence has been considered a linking factor to establish constructive possession. *Leuken v. State*, 88 Ark. App. 323, 198 S.W.3d 547 (2004); *Sweat v. State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988).

Given the lower burden of proof in revocation cases, *see Flurry v. State*, 2014 Ark. App. 128, at 2, the evidence introduced at the hearing in this case clearly supported the revocation of Boyd's SIS. The investigating officers found methamphetamine on Boyd's person, and a firearm was found on a stack of laundry in the bedroom, which was a common room in a house that only Boyd and his girlfriend shared. Under the lesser burden of proof attendant in revocation cases, this was sufficient to demonstrate that Boyd committed the offense of simultaneous possession of drugs and a firearm.[1] Accordingly, there was substantial evidence to support the revocation of Boyd's SIS.

Affirmed.

GRUBER and GLOVER, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., and *Richmond Giles*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

---

[1]A person commits the offense of simultaneous possession of drugs and firearms if the person unlawfully possesses a controlled substance while in possession of a firearm. *See* Ark. Code Ann. § 5-74-106 (Supp. 2013); *Mathis v. State*, 2010 Ark. App. 665.