Cite as 2020 Ark. App. 241

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-600

| | | |
|---|---|---|
| | | **Opinion Delivered:** April 15, 2020 |
| KERAIG HOUSE | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66CR-15-726] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Keraig House was convicted in a jury trial of three counts of being a felon in possession of a firearm. For these convictions, Mr. House was sentenced as a habitual offender to two consecutive forty-year prison terms to be served concurrently with another forty-year prison term.[1] House now appeals.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a no-merit brief and a motion to withdraw on the grounds that this appeal is without merit. Mr. House was provided

---

[1]In a separate jury trial arising from the same events, Mr. House was convicted of simultaneous possession of drugs and firearms, possession of methamphetamine with intent to deliver, maintaining a drug premises, and possession of drug paraphernalia. For these convictions, Mr. House was sentenced to sixty years in prison. The trial court ordered the sentences in this case to be served concurrently with this sixty-year sentence.

with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, but he has filed no points.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal." Because appellant's counsel's brief fails to address all the adverse rulings, we must order rebriefing.

Pursuant to Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016), it is unlawful for a person to possess of a firearm if the person has been convicted of a felony. In this case, the parties stipulated that Mr. House was previously convicted of a felony, so the only issue for the jury was whether he possessed the three firearms.

The testimony at trial showed that officers with the Fort Smith Police Department arranged for a confidential informant to buy methamphetamine from Mr. House at his residence. After the drug buy was complete, the officers obtained a search warrant for Mr. House's residence and curtilage.

Mr. House and his wife, Mrs. House, were on the property during the search. While the officers were inside the residence, Mr. House provided the combination for a safe that was found to contain a revolver. Mr. House told the police about the gun when he gave them the combination. Mrs. House told the police that she did not know the combination to the safe. The police also searched the trunk of a car in Mr. House's back yard. In the trunk, the police found a revolver and a pistol. Over Mr. House's objection as to relevancy and unfair prejudice, the trial court permitted one of the officers to testify that the guns

were "kind of concealed," with one of them wrapped in a ski mask. Mr. House gave a custodial statement to the police wherein he admitted putting the guns in the trunk.

In Mr. House's counsel's no-merit brief, counsel addresses the sufficiency of the evidence as well as the trial court's admission of the ski mask over his objection. Mr. House's counsel explains that there could be no meritorious challenge to the sufficiency of the evidence or to the admission of the ski mask.

However, there were three adverse rulings during the sentencing phase of the trial, and appellant's counsel addressed only one of those adverse rulings in his brief. At the sentencing hearing, Mr. House asked that none of his sentences run consecutively. The trial court partially denied that request, ordering two sentences to run consecutively, but concurrent with the remaining sentence as well as the sixty-year sentence in the separate case. In appellant's counsel's brief, he addresses this adverse ruling and asserts that this was not an abuse of discretion and could provide no meritorious grounds for reversal.

Because appellant's counsel has failed to discuss in the brief the remaining two adverse rulings at the sentencing hearing, we must deny his motion to withdraw. The first of these adverse rulings occurred during Mr. House's mother's testimony when the State successfully objected to her proposed testimony that she had been praying that the jury would be lenient with her son. The next adverse ruling occurred during Mr. House's counsel's closing argument when he mentioned that Mr. House possessed only half a gram of methamphetamine. The State objected to this statement, arguing that this was not in evidence, and the trial court sustained the objection. Appellant's counsel's failure to address either of these two adverse rulings in his brief requires rebriefing.

3

The deficiencies we have identified should not be considered an exhaustive list, and counsel is encouraged to review *Anders*, *supra*, and Rule 4–3(k) for the requirements of a no-merit brief. Mr. House's counsel has fifteen days from the date of this opinion to file a compliant substituted brief. *See* Ark. Sup. Ct. R. 4-2(c)(2). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Mr. House, and he will have thirty days to raise any pro se points pursuant to Rule 4–3(k)(2). In the event pro se points are submitted, the State will also be given an opportunity to file a response brief.

Motion to withdraw denied; rebriefing ordered.

GRUBER, C.J., and SWITZER, J., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya* and *Josie N. Graves*, for appellant.

One brief only.

4