Cite as 2020 Ark. App. 240

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-537

| | | |
|---|---|---|
| | | **Opinion Delivered:** April 15, 2020 |
| KERAIG HOUSE | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| | APPELLANT | FORT SMITH DISTRICT |
| | | [NO. 66FCR-18-726] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Keraig House was convicted in a jury trial of simultaneous possession of drugs and firearms, possession of methamphetamine with intent to deliver, maintaining a drug premises, and possession of drug paraphernalia. For these offenses, Mr. House was sentenced to concurrent prison sentences of sixty, fifteen, seven, and three years.

Mr. House raises a single argument on appeal, and it relates only to his conviction for simultaneous possession of drugs and firearms. Mr. House argues that the trial court abused its discretion in refusing to submit an affirmative-defense jury instruction with respect to the simultaneous-possession charge. Specifically, Mr. House contends that the jury should have been instructed on his defense that he was in his home and the firearm was not readily accessible for use. We affirm.

A person commits the offense of simultaneous possession of drugs and firearms if the person feloniously possesses a controlled substance while in possession of a firearm. Ark. Code Ann. § 5-74-106(a)(1) (Repl. 2016). Arkansas Code Annotated section 5-74-106(d) provides, "It is a defense to this section that the defendant was in his or her home and the firearm . . . was not readily accessible for use."

Officers with the Fort Smith Police Department arranged for a confidential informant to buy methamphetamine from Mr. House at his residence. After the drug buy was complete, officers obtained a search warrant for Mr. House's residence and curtilage.

The testimony of the police officers can be summarized as follows. Mr. House was in a garage that was detached from his residence when the police arrived to execute the search warrant. During the search of Mr. House's residence and outbuildings, the police found small growing marijuana plants, quantities of methamphetamine and marijuana, and various items of drug paraphernalia including pipes and scales.

While the police spoke with Mr. House outside the residence, he told them that there was a pistol located in a safe inside the residence. The police found a revolver inside the safe, and there were bullets in close proximity to the revolver. Using a key, the officers opened the trunk of a car located on the property and found two more pistols, which were being concealed with ski masks. One officer testified that he believed one of these pistols was loaded. During a custodial interview, Mr. House told the police that he had placed the firearms in the trunk.

In regard to the simultaneous-possession-of-drugs-and-firearms charge, Mr. House proffered a jury instruction on the affirmative defense that he was in his home and the

2

firearm was not readily accessible for use. The trial court refused the instruction on the basis that appellant was not in his home when the guns were found. On appeal, Mr. House argues that the trial court's failure to give the jury instruction was an abuse of discretion.

A party is entitled to an instruction on a defense if there is sufficient evidence to raise a question of fact or if there is any supporting evidence for the instruction. *Cogburn v. State*, 2016 Ark. App. 543. A trial court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Northern v. State*, 2015 Ark. App. 426, 467 S.W.3d 755. There is no error in refusing to give a jury instruction where there is no basis in the evidence to support the giving of the instruction. *Stalnaker v. State*, 2014 Ark. App. 412, 437 S.W.3d 700.

The undisputed evidence showed that Mr. House was in a detached garage when the police arrived, and was either in the garage or next to the garage when the guns were found. Mr. House contends that because he was on the curtilage of his property, he was in his home. Mr. House cites *Sanders v. State*, 264 Ark. 433, 572 S.W.2d 397 (1978), in which the supreme court held that property located at one's residence or within the curtilage surrounding the residence may not be seized without a search warrant or pursuant to some other legal means. In *Sanders*, the supreme court explained that the curtilage of a dwelling house is the space necessary and convenient and habitually used for carrying out domestic activities. Mr. House asserts that there was a question of fact as to whether he was in his home and thus that he satisfied the first prong of the affirmative defense. Mr. House asserts further that he satisfied the second prong of the defense because none of the guns were

3

readily accessible for use. Mr. House argues that the evidence supported giving the jury instruction and that the trial court's denial of the instruction was an abuse of discretion.

We find appellant's reliance on *Sanders*, *supra*, to be misplaced. In *Sanders*, the issue was whether a person has an expectation of privacy in the curtilage of his home for purposes of whether a search warrant is required to search the curtilage. The supreme court there held that the curtilage of a dwelling house may not be searched without a warrant. Our inquiry here does not involve the Fourth Amendment's prohibition against unreasonable searches and seizures, but rather whether a particular affirmative defense is available in a simultaneous–possession–of–drugs–and–firearms prosecution. For Mr. House to be entitled to this defense, there must be evidence that he was "in his . . . home and the . . . weapon was not readily accessible for use." *See* Ark. Code Ann. § 5-74-106(a). The undisputed evidence here shows that when the guns were found, Mr. House was not in his home but rather was standing either in or next to a detached garage.

There are two previous cases in which we have interpreted this affirmative defense to mean that it is available only when the defendant is in his dwelling house and not just on the premises. In *Vergara-Soto v. State*, 77 Ark. App. 280, 74 S.W.3d 683 (2002), Vergara-Soto agreed for police officers to search his residence in a trailer park, and the police followed him three or four miles to get there. When they arrived, the police searched the trailer while Vergara-Soto remained outside. The police found drugs and a firearm inside the trailer, and Vergara-Soto was convicted of simultaneous possession of drugs and firearms. On appeal, Vergara-Soto argued that sufficient evidence did not support his conviction

based on his affirmative defense that he was in his home and the gun was not readily accessible. We disagreed, and wrote:

> While we recognize that criminal statues are strictly construed and any doubts are resolved in favor of the defendant, we are first and foremost concerned with ascertaining the intent of the General Assembly. *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001). In statutory interpretation matters, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Langley v. State*, 343 Ark. 324, 34 S.W.3d 364 (2001). In adopting section 5-74-106(d), the General Assembly obviously intended to create a *very narrow exception* to the crime of simultaneous possession of drugs and firearms where "the defendant was in his home and the firearm was not readily accessible for use." We see nothing in this clear and unambiguous language that permits an interpretation other than, first, that the defendant must be in his home and, second, that the firearm is not readily accessible for use in order for a defendant to avail himself of the defense.
>
> . . . .
>
> Here, it is not disputed that the handgun was found in Vergara-Soto's home and it is not disputed that Vergara-Soto was *not* in his home when the handgun was discovered. Under these circumstances, clearly Vergara-Soto has failed to establish that he was "in his home," as the statutory defense requires.

*Vergara-Soto*, 77 Ark. App. at 284−85, 74 S.W.3d at 685−86 (emphasis added).

More recently, in *Dotson v. State*, 2013 Ark. App. 550, the appellant was convicted of simultaneous possession of drugs and firearms and argued on appeal that the affirmative defense applied. In that case, Dotson's wife had called the police to report domestic abuse, and the officers went to the home and removed Dotson from the home. After Dotson's removal, officers searched the house with his wife's consent and found drugs and firearms. In concluding that the affirmative defense was inapplicable under those facts, we wrote:

> In order for this defense to apply, the defendant must establish (1) that he was in his home and (2) that the firearm was not readily accessible for use. Because Dotson was not in his home during the search—the first element of the defense—the defense is not available to him. *See Vergara-Soto v. State*, 77 Ark. App. 280, 74 S.W.3d 683 (2002).

*Dotson*, 2013 Ark. App. 550, at 6.

In adopting section 5-74-106(d), the General Assembly obviously intended to create a *very narrow exception* to the crime of simultaneous possession of drugs and firearms where the defendant was in his home and the firearm was not readily accessible for use. *Vergara-Soto*, *supra*. We have interpreted this very narrow exception to mean that for the affirmative defense to apply, the defendant must be inside his or her residence when the firearms are discovered. Because Mr. House was not inside his residence but was either in a detached garage or immediately outside the garage, there was no basis to conclude that Mr. House was in his home when the firearms were found. Therefore, we conclude that the trial court did not abuse its discretion in denying the instruction.

Affirmed.

GRUBER, C.J., and SWITZER, J., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya* and *Josie N. Graves*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.