Cite as 2020 Ark. App. 452

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–19–600

| | | |
|---|---|---|
| | | Opinion Delivered: September 30, 2020 |
| KERAIG HOUSE | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-15-726] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

This no-merit appeal comes before this court for a second time. Appellant Keraig House was convicted by a jury of three counts of being a felon in possession of a firearm, and he was sentenced as a habitual offender to two consecutive forty-year prison terms to be served concurrently with another forty-year prison term.[1] In the first appeal, appellant's counsel filed a no-merit brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. However, in the first appeal, we denied appellant's counsel's motion to withdraw and ordered rebriefing

---

[1]In a separate jury trial arising from the same events, Mr. House was convicted of simultaneous possession of drugs and firearms, possession of methamphetamine with intent to deliver, maintaining a drug premises, and possession of drug paraphernalia. For these convictions, Mr. House was sentenced to sixty years in prison. The trial court ordered the sentences in this case to be served concurrently with this sixty-year sentence. We affirmed Mr. House's convictions in the other case. *See House v. State*, 2020 Ark. App. 240, 600 S.W.3d 106.

because counsel had failed to discuss all the adverse rulings as required by our no-merit rules. *See House v. State*, 2020 Ark. App. 241.

Pursuant to our directive in the first appeal, Mr. House's counsel has now rebriefed the case and filed a second no-merit brief and motion to withdraw pursuant to *Anders* and Rule 4-3(k). In this second no-merit brief, appellant's counsel has discussed all matters in the record that might arguably support an appeal, including all the adverse rulings made below, and provided a statement of why each point raised cannot arguably support an appeal. Mr. House was provided a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has filed no points. We affirm.

Pursuant to Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016), it is unlawful for a person to possess of a firearm if the person has been convicted of a felony. In this case, the parties stipulated that Mr. House was previously convicted of a felony, so the only issue for the jury was whether he possessed the three firearms.

The testimony at trial showed that officers with the Fort Smith Police Department arranged for a confidential informant to buy methamphetamine from Mr. House at his residence. After the drug buy was complete, the officers obtained a search warrant for Mr. House's residence and curtilage.

Mr. House and his wife, Mrs. House, were on the property during the search. While the officers were inside the residence, Mr. House provided the combination to a safe that was found to contain a revolver. Mr. House told the police about the gun when he gave them the combination. Mrs. House told the police that she did not know the combination to the safe. The police also searched the trunk of a car in Mr. House's back yard. In the trunk, the police found a revolver and a pistol. Over Mr. House's objection as to relevancy and unfair prejudice,

2

the trial court permitted one of the officers to testify that the guns were "kind of concealed," with one of them wrapped in a ski mask. Mr. House gave a custodial statement to the police wherein he admitted that he is the person who had wrapped the guns and put them in the trunk. According to the officer who conducted the custodial interview, Mr. House admitted "taking possession of and being responsible for" the guns in the trunk.

In this no-merit appeal, Mr. House's counsel correctly asserts there could be no meritorious challenge to the trial court's denial of his motion for a directed verdict. A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence, and the denial of the motion is affirmed if substantial evidence, either direct or circumstantial, supports the verdict. *Friday v. State*, 2018 Ark. 339, 561 S.W.3d 318. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Rabb v. State*, 72 Ark. App. 396, 39 S.W.3d 11 (2001).

Mr. House was charged with three counts of being a felon in possession of a firearm, and because Mr. House stipulated that he is a convicted felon, the only question for the jury was whether he possessed the firearms. In Mr. House's directed-verdict motion, he argued that there was insufficient evidence of possession. However, the trial court correctly denied the motion.

Actual, physical possession is not required to prove possession; constructive possession will suffice and occurs when the accused maintains control or a right to control the contraband. *Harper v. State*, 17 Ark. App. 237, 707 S.W.2d 332 (1986). Here, there was undoubtedly substantial evidence that Mr. House constructively possessed all three firearms seized by the

3

police. Mr. House demonstrated control over the gun found in the safe when he gave the officers the combination and advised them of the presence of the gun before they opened the safe. And Mr. House admitted to the police that he had been in possession of the two guns found in the trunk and that he is the person who had put them there. Therefore, any sufficiency challenge on appeal would be wholly without merit.

Mr. House's counsel next asserts that there could be no meritorious argument based on the trial court's denial of his objection to the officer's testimony that the guns in the trunk were partially concealed with a ski mask. Mr. House objected to this evidence arguing that it was not relevant under Ark. R. Evid. 401 and that any probative value was substantially outweighed by the danger of unfair prejudice under Ark. R. Evid. 403, and the objection was overruled. A trial court's ruling on the admission of evidence will not be reversed unless appellant can show both an abuse of discretion and prejudice. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000).

Mr. House's counsel correctly asserts that the admission of this evidence could not form the basis of a merit appeal because, even if any error occurred, Mr. House cannot show prejudice. When evidence of guilt is overwhelming and the error slight, the error is considered harmless on appeal. *Cutsinger v. State*, 2017 Ark. App. 647, 536 S.W.3d 134. The record conclusively shows that Mr. House demonstrated control over all three firearms, and the evidence of the ski mask resulted in no prejudice.

In addition to the two adverse rulings that occurred during the guilt phase of the trial, there were three adverse rulings during the sentencing phase. Mr. House's counsel has adequately addressed these three adverse rulings, and they are as follows.

4

At the sentencing hearing, Mr. House's mother testified that she had been praying that the jury would be lenient with her son. The State objected, and the trial court sustained the objection. A trial court's decision whether to admit evidence during the sentencing phase is reviewed for an abuse of discretion. *Schreck v. State*, 2017 Ark. 39, 510 S.W.3d 750. Here, the trial court did not abuse its discretion in disallowing this testimony because appellant's mother's prayers were not relevant to sentencing.

The next adverse ruling came during the sentencing phase when Mr. House's counsel, during closing argument, mentioned that Mr. House possessed only about a half a gram of methamphetamine. The State objected, correctly asserting that this was not in evidence, and the trial court sustained the objection. The trial court is given broad discretion to control counsel in closing arguments, and we will not reverse such a ruling absent an abuse of discretion. *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). Closing arguments must be confined to the evidence introduced during trial, and it is the trial court's duty to prohibit counsel from making improper arguments. *Id*. Because Mr. House's counsel's statement referred to a matter not in evidence, the trial court did not abuse its discretion in prohibiting the comment.

The last adverse ruling occurred when, after the jury sentenced Mr. House to forty years' imprisonment on each of the three counts, Mr. House requested that none of his sentences run consecutively.[2] The trial court partially denied that request, ordering two sentences to run consecutively, but concurrent with the remaining sentence as well as the sixty-year sentence in the separate case.

The question of whether sentences should run consecutively or concurrently lies within the sole province of the trial court. *Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997). The

---

[2]In the verdict forms, the jury recommended that all three sentences run consecutively.

appellant assumes a heavy burden of demonstrating that the trial court failed to give due consideration to the exercise of its discretion in the matter of consecutive sentences. *Id*. We will remand for resentencing when it is apparent that the trial court did not exercise its discretion. *Id*.

It was within the trial court's sole discretion to decide whether Mr. House's sentences should run consecutively or concurrently. It is evident that the trial court exercised its discretion in that regard because it ordered one of the sentences to run concurrently with the others, despite the jury's recommendation that they all run consecutively. Because the trial court exercised its discretion, there could be no meritorious argument with respect to its sentencing decision. *See Teague*, *supra*.

Having reviewed the record and the no-merit brief presented, we conclude that there has been compliance with Rule 4–3(k) and that the appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion granted.

HARRISON and KLAPPENBACH, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellant.

One brief only.

6