Cite as 2024 Ark. App. 141

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-23-199

| | | |
|---|---|---|
| VICTOR HARMON | | Opinion Delivered February 28, 2024 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-20-4486] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE KAREN D. WHATLEY, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## RITA W. GRUBER, Judge

Victor Harmon, a habitual offender, was charged with negligent homicide for allegedly causing the death of Anthony King as a result of operating a motor vehicle while intoxicated. The Pulaski County Circuit Court accepted his no-contest plea to negligent homicide and his stipulation to having four or more previous felonies. The court ordered a presentencing report, and the case proceeded to a sentencing hearing.

The offense of negligent homicide, a Class B felony, typically carries a possible term of imprisonment of "not less than five (5) years nor more than twenty (20) years[.]" Ark. Code Ann. §§ 5-10-105(a)(1) & (2), 5-4-401(a)(3) (Repl. 2013). Harmon's previous felonies, as reflected by stipulation, extended the maximum possible sentence to forty years' imprisonment. Ark. Code Ann. § 5-4-501(b)(1) & (2)(C) (Repl. 2016). After considering

testimony and evidence at the plea hearing, the circuit court sentenced Harmon to thirty-five years' imprisonment in the Arkansas Department of Correction.

Harmon appeals the "validity" of the sentencing order. He argues that the circuit court abused its discretion in curtailing his counsel's closing argument, in which he requested a lenient sentence. The relevant part of counsel's closing argument is as follows:

DEFENSE COUNSEL: The Court has heard testimony that this offense has changed [the defendant], as well. In considering an appropriate sentence, I was reminded of a recent DWI negligent homicide sentencing in this Court of a man named Shawn Greenway. And although I—

THE STATE: I'm going to object to any argument about what happened in another defendant's case.

THE COURT: I'm aware of what happened in that case.

DEFENSE COUNSEL: I'm not—

THE COURT: —and I'm also aware of other things going with that. This is a completely different case dealing with a completely different criminal history.

DEFENSE COUNSEL: I agree, it's completely different, Your Honor but I believe that—we'd ask the Court to impose a sentence of ten years in the Arkansas Department of Correction[]. That is within the guidelines range. Guidelines range is 84 to 180 months, which is seven to 15 years, so for those reasons, we'd ask the Court to impose a ten-year sentence.

The circuit court is given broad discretion to control counsel in closing arguments, and we will not reverse such a ruling absent an abuse of discretion. *House v. State*, 2020 Ark. App. 452, at 5, 611 S.W.3d 197, 201. Closing arguments must be confined to the evidence introduced during trial. *Id.*

Here, the circuit court voiced its familiarity with the case cited by Harmon's counsel and observed that Harmon's case was "a completely different case dealing with a completely different criminal history." Defense counsel agreed that the cases were different, presented no further argument, and proposed a lenient sentence of ten years' imprisonment, "within the guidelines range . . . 84 to 180 months." Harmon has not shown on appeal that the circuit court curtailed his counsel's closing argument.

Except as provided by Arkansas Rule of Criminal Procedure 24.3(b), an appellant has no right to appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain circumstances.

Our supreme court has recognized other limited exceptions to Arkansas Rule of Appellate Procedure–1(a). One exception applies when the defendant appeals the denial of a posttrial motion challenging the validity and legality of the sentence itself. *Smalley v. State*, 2012 Ark. App. 221, at 2.

Harmon's written plea and his testimony at the plea hearing each reflect that he expressly waived his right to appeal. Therefore, the exceptions of Rule 24.3 do not apply to him. Nor did he file a posttrial motion challenging the validity and legality of the sentence itself. *Id.*

Dismissed.

GLADWIN and BARRETT, JJ., agree.

*David Sudduth*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.